THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYLER J. BRIDDICK,** | |
| Plaintiff, | |
| v. | Case No. 3:23-cv-01633-GCS |
| **ILLINOIS DEPARTMENT OF CORRECTIONS,** | |
| Defendant. | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Tyler J. Briddick, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Briddick alleges various constitutional violations he experienced while at Menard and Shawnee Correctional Centers.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1]  The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint pursuant to 28 USC § 1915A in light of his consent to the full jurisdiction of a magistrate judge and the limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the IDOC and this Court.

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Briddick's Complaint contains several unrelated allegations. He alleges that from March 21, 2023, until the day he wrote his Complaint he was not provided with proper cleaning and hygiene supplies. Briddick lacked cleaning supplies for his cell, which was covered in blood, urine, and feces. (Doc. 1, p. 5). He was denied toothpaste, soap, toilet paper, deodorant, and his personal property from March 21 to March 24, 2023. *Id*. When he first arrived at Menard, he lacked access to masks and hand sanitizer, and he was denied access to a shower for the first three weeks. Despite having a rash at the time of his transfer to Menard, he ran out of the prescribed cream and was not provided additional cream from medical staff. Although he has put in several sick call requests, he has not been seen by medical staff.

Briddick also alleges that he was denied access to the PREA hotline and that grievances he filed were never answered. (Doc. 1, p. 5). He believes that he is at risk of staff assault, extortion, and bribery. He believes that legal mail regarding his child support was withheld until after the deadline, which has affected his visitation rights. He alleges other incidents where correctional officers read his legal mail. *Id*. at p. 7. On March 13, 2023, Briddick alleges that his legal mail was placed in his property box; officers then poured coffee and wet noodles into the box, thus destroying his property. *Id*.

Briddick also describes an incident with officers which occurred on April 9, 2023. (Doc. 1, p. 6). Briddick alleges that he was without his Lithium and was manic when an

officer handed out meal trays. He is labeled as having a serious mental illness ("SMI") and has been diagnosed with Autism, Bipolar Disorder, PTSD, ADHD, OCD, and ODD. *Id*. at p. 7. Briddick informed the officer that he wanted a normal "hard" tray rather than the Styrofoam tray that the officer intended to hand Briddick. *Id*. at p. 6. The officer slammed Briddick's arm against the chuckhole until it was bruised and bleeding. Then, he threw the Styrofoam tray at Briddick, getting food all over the floor. Other officers threatened him. *Id*. Although he later received a tray of edible food, Briddick alleges the food was drugged because he blacked out immediately after eating the food. *Id*.

Briddick further alleges that he has received disciplinary tickets which resulted in segregation time. He alleges that mental health professionals were not present during the disciplinary hearing and that, on some occasions, he never had a required disciplinary hearing before receiving discipline. *Id*. at p. 6.

On February 27, 2023, Counselor Houseman keyed Briddick's chuckhole. When Briddick placed his hand out of the chuckhole, Houseman grabbed and twisted his arm, slamming it repeatedly against the chuckhole. Despite being injured, Briddick was not provided with medical treatment. (Doc. 1, p. 8). On March 13, 2023, Briddick alleges he was assaulted through the chuckhole while at Shawnee Correctional Center and was again refused medical treatment. *Id*. On March 14, 2023, also while at Shawnee, officers walked Briddick into his cell and Lieutenant Hicks pushed him against the wall, hit his face into the wall, and threatened him. *Id*. On March 23, 2023, he was denied medication for his SMI at Shawnee.

## DISCUSSION

There are several issues with Briddick's Complaint. First, he has only named the Illinois Department of Corrections as a defendant. The IDOC, however, is a state government agency and is not subject to suit under Section 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-71 (1989). *See also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (noting that state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Although Briddick mentions several correctional officers in his statement of claim, he fails to identify them as defendants, and they are not listed in the case caption. All defendants must be specified in the case caption to be considered defendants. *See, e.g., Myles v. United States*, 416 F.3d 551, 551–552 (7th Cir. 2005) (noting that defendants must be "specif[ied] in the caption"). Thus, Briddick fails to name a proper defendant.

Further, the Complaint violates Federal Rule of Civil Procedure 8. Rule 8(a) requires a complaint to set forth "a short and plain statement of [Plaintiff's claim(s)] showing that the pleader is entitled to relief." FED. R. CIV. PROC. 8(a)(2). Rule 8(d) requires "simple, concise, and direct" allegations. FED. R. CIV. PROC. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Briddick's Complaint is short, it is a laundry list of claims. He includes claims regarding his conditions of confinement, his visiting rights with his children, use of force by officers, due process concerns with disciplinary tickets, interference with his legal mail, and

deliberate indifference in the treatment of his serious mental illness and other conditions. His allegations include separate, unrelated events which took place at Shawnee and Menard. The numerous, unrelated allegations clearly violate the rules of joinder under Federal Rules of Civil Procedure 18 through 20. Many of the claims arise from distinct transactions or occurrences and share no common questions of fact or law. The claims cannot proceed together in one lawsuit. *See* FED. R. CIV. PROC. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (A "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot.").

Although the Court could exercise its authority to sever the unrelated claims into several different lawsuits, that action may result in a surplus of filing fees and potential strikes under 28 U.S.C. § 1915(g). *See George*, 507 F.3d at 607; *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Instead, the Court will allow Briddick an opportunity to amend his Complaint because he is in the best position to decide which claims he wants to pursue. But he is reminded that he must focus on related claims against a single group of defendants.

Accordingly, the Complaint is **DISMISSED without prejudice**. Briddick will have an opportunity to file a First Amended Complaint if he wishes to pursue any of his claims in this action. If he chooses to do so, Briddick must comply with the instructions and deadlines set forth in the below disposition. He is reminded that should he continue to pursue unrelated claims, those claims will be subject to severance into new cases subject to additional filing fees. His motion for service of process (Doc. 3) is **DENIED as moot**.

Should his First Amended Complaint survive Section 1915A review, the Court will direct that service be made on the Defendants.

## DISPOSITION

For the reasons stated above, Briddick's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **July 21, 2023**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. *See* FED. R. CIV. PROC. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Briddick's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Industry Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Briddick must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Briddick is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable,

regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Briddick is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 23, 2023.**

Digitally signed by Judge Sison
Date: 2023.06.23 13:08:48 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**