## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYLER BRIDDICK,

      Plaintiff,

v.

                  Case No. 3:23-cv-01633-GCS

ILLINOIS DEPARTMENT OF
CORRECTIONS,

      Defendant.

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Tyler J. Briddick, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Briddick's Complaint alleged various unrelated claims which occurred at Shawnee and Menard Correctional Centers. (Doc. 1). His Complaint was dismissed without prejudice because he only named the Illinois Department of Corrections as a defendant, a state agency not subject to suit under Section 1983. Further, his Complaint violated Federal Rules of Civil Procedure 8 and 18 through 20 because he simply included a list of unrelated claims. (Doc. 11). Briddick was granted leave to submit an Amended Complaint and was reminded that his failure to submit an amended pleading would result in the dismissal of his case with prejudice. (Doc. 11, p. 6). The deadline for submitting an Amended Complaint was July 21, 2023. *Id*.

As of this date, Briddick has neither filed an Amended Complaint nor sought additional time to do so. Accordingly, this action shall be **DISMISSED with prejudice** for failure to comply with a Court Order and/or prosecute his claims. *See* FED. R. CIV. PROC. 41(b). The dismissal counts as one of Briddick's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Briddick is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Briddick wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* FED. R. APP. PROC. 4(a)(1)(A). If Briddick chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. PROC. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-726 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-859 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. PROC. 24(a)(1)(C). Moreover, if the appeal is found to be non-meritorious, Briddick may incur another "strike." A proper and timely motion to alter or amend filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. *See* FED. R. APP. PROC. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  August 18, 2023.**

Digitally signed by Judge Sison
Date: 2023.08.18 10:13:34 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**